UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE M.C.,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-09009-TLN-CSK<br>A # 222-573-881<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Jorge M.C.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) Respondent filed an opposition. (ECF No. 5.) For the reasons set forth below, the Petition is GRANTED and the Court orders Petitioner's IMMEDIATE RELEASE.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States in August of 2000. (ECF No. 1 at 8.) Petitioner has lived freely in this country for the past twenty-six years and he has no criminal history. (*Id.*; ECF No. 5-2 at 3.)

On August 23, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") during a targeted enforcement operation in New Jersey. (ECF No. 5-2 at 2.) According to Plaintiff, ICE agents approached his vehicle while he was on the way to work. (ECF No. 3 at 3.) The agents showed him a photograph of the person they were looking for and then arrested Petitioner even though he was not the person in the photograph. (*Id.*) Petitioner was processed as a Notice to Appear and detained in New Jersey before ultimately being transferred to California City. (*Id.* at 1; ECF No. 5-2 at 3.)

On October 29, 2026, Petitioner was granted voluntary departure under safeguards to his country of citizenship and ordered to depart by November 30, 2026. (ECF No. 5-1 at 1.) Petitioner waived his right to appeal. (*Id.* at 3.)

Petitioner has been detained for nearly three months without an individualized determination as to whether he poses a danger to the community or a flight risk. (ECF No. 1 at 8.) Petitioner challenges the lawfulness of his civil immigration detention and seeks immediate release. (*Id.* at 6–8.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 6.) Respondent's opposition does not address this claim. (*See* ECF No. 5.) Respondent instead argues Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and now that he has accepted voluntary departure, "he has the keys to his freedom in his own hands" and "[h]e should depart pursuant to his voluntary departure order by November 30, 2026." (*Id.* at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### A. <u>Liberty Interest</u>

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner developed an interest in his own liberty during the approximately twenty-six years he spent living freely in the United States prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondent does not contest Petitioner's liberty interest.

B. Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to a custody or bond hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. Despite this interest, Petitioner has now been detained nearly three months without any opportunity to be heard as to the justification for his detention. Petitioner's private interest may be diminished slightly since he agreed to voluntary departure, but he is entitled to depart of his own accord in the timeline permitted by the immigration court. An agreement to leave the country does not extinguish his liberty interest while Petitioner is still here. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for

hearings," Petitioner has received virtually no procedural safeguards to ensure his detention is reasonably related to those purposes. *Hernandez*, 872 F.3d at 990. Respondent does not argue Petitioner is a danger to the public or a flight risk. (*See* ECF No. 5.) Nor does Respondent argue Petitioner must be detained to effectuate the voluntary departure order. (*Id.*) Indeed, despite Respondent's assertion that Petitioner "has the keys to his freedom in his own hands" (*id.* at 2), the actual barrier to his departure is the fact that Petitioner remains in Respondent's custody. Voluntary departure occurs at the noncitizen's own expense and by their own arrangements; it is not conducted through ICE. 8 U.S.C. § 1229c(a). Petitioner cannot make his own travel arrangements as long as he remains in detention. Thus, to the extent the government has an interest in effectuating Petitioner's voluntary departure order, that interest is not served by continuing Petitioner's detention. The risk that Petitioner is being detained without justification is therefore exceedingly high.

Finally, the government's interest in continuing to detain Petitioner without procedural protections is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Custody determination hearings are routine processes for Respondent. While the Court recognizes the government has an interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Indeed, Respondent sets forth no legitimate interest in continuing to detain Petitioner without such safeguards. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds due process required Petitioner receive a hearing before a neutral decisionmaker to ensure his detention was justified. Respondent provided no such hearing over Petitioner's nearly three months of detention. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.[2]

///

---

[2] Petitioner also challenges his detention as violating the Immigration and Nationality Act. (ECF No. 1 at 7.) As the Court concludes Petitioner's detention violates the Fifth Amendment, the Court need not address Petitioner's statutory claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Jorge M.C. (A # 222-573-881) from custody. At the time of release, Respondent must provide a copy of this Order to Petitioner and return all of Petitioner's documents and possessions. **Respondent must file a notice of compliance with this Order within two (2) court days.**

2. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondent shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

3. Petitioner's motion for temporary restraining order (ECF No. 3) is DENIED as moot.

4. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE